UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23440-BLOOM/Louis

WILLIE FRANK WALKER,

    Plaintiff,

v.

ASHLEY MOODY, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. *Pro se* Plaintiff filed a Complaint, ECF No. [1] on August 19, 2020. He likewise paid the required filing fee. ECF No. [3]. The Court has reviewed the Complaint, the record in this case, and is otherwise fully advised.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Although a *pro se* litigant's pleadings are construed

more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain the action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint fails to pass muster.

As an initial matter, it is not fully clear what grounds for jurisdiction Plaintiff invokes. The Complaint fails to allege the citizenship of each party[1] nor does it expressly delineate whether Plaintiff seeks relief on federal question jurisdiction or diversity of citizenship jurisdiction. Although the civil cover sheet, ECF No. [1-1], reflects that Plaintiff purports to travel under federal question jurisdiction, the Complaint fails to allege sufficient facts for the Court to make out a federal cause of action. The Complaint consists of disjointed ideas spanning rescission of Plaintiff's signatures and contracts, dismissal of his prior counsel, denial of a corporation, Uniform Commercial Code filings, and a prior criminal matter in Florida state courts. Plaintiff requests the Court order the State of Florida "to produce its alleged proof (verified and demonstrated evidence) of jurisdiction over this real flesh and blood man[.]" ECF No. [1] at 14. He contends that should the State of Florida fail to produce evidence, "the court shall issue an Order discharging the previous judgment in this cause for lack of personal and subject matter jurisdiction." *Id.*

Although the Court construes the Complaint as an attempt to challenge his prior criminal conviction, Plaintiff fails to allege that he is in custody for purposes of seeking relief under 28 U.S.C. §§ 2254 or 2255. He also fails to allege a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. While the Complaint alleges that Co-Defendant Herbert Walker, perhaps the

---

[1] The Complaint, however, contains a Certificate of Service referencing Florida addresses for both defendants. ECF No. [1] at 16.

prosecutor in Plaintiff's criminal matter, avoided "answer[ing] many times for the record" "[j]urisdictional question[s]" and has now "gone silent," ECF No. [1] at 10-12, the Complaint fails to provide any factual allegations to understand the significance of this, even accepting it as true. To be clear, Plaintiff's attached records from his state court criminal case are not predicated on jurisdictional issues. Rather, the Complaint includes a January 22, 2020 State's Response to Pro Se Motion for Post Conviction Relief, requesting the state court deny the motion for failing to state a claim upon which relief can be granted; a February 27, 2020 Order from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida denying Plaintiff (then-defendant's) motion for failure to state a claim upon which relief can be granted; a June 10, 2020 per curiam affirmance by the Florida Third District Court of Appeal, and a July 2, 2020 denial of a motion for rehearing. ECF No. [1-2] at 11-17. None of these records support Plaintiff's allegations—to the extent they are discernable.

Further, even if the Court was to assume that Plaintiff is in Florida state custody for purposes of a § 2254 claim, he has failed to allege exhaustion of his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted the remedies available in the courts of the State[.]"). "Before bringing a habeas action in federal court, a state petitioner must exhaust all available state court remedies for challenging his conviction. . . . '[T]o exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.' A petitioner also must fairly present his constitutional claim 'in each appropriate state court (including a state supreme court with powers of discretionary review)' for the claim to be exhausted." *Gaines v. Attorney Gen., Fla.*, 788 F. App'x 623, 627-28 (11th Cir. 2019) (internal citation omitted); *see also*

Case No. 20-23440-BLOOM/Louis

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). "An applicant shall not be deemed to have exhausted the remedies available in the courts of this State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Here, Plaintiff has not demonstrated that his claims have been fully exhausted in state court nor has he alleged that he otherwise lacks available state court remedies. The Complaint, therefore, does not demonstrate a cognizable claim, and it is due to be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**. The Plaintiff shall file an Amended Complaint asserting a basis for jurisdiction and relief by **September 4, 2020.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of August, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Willie Frank Walker
3311 N.W. 182nd Street
Miami Gardens, FL 33056